Simonds *v.* Harris, Administrator.

### No. 10,653.

### SIMONDS *v.* HARRIS, ADMINISTRATOR.

DECEDENTS' ESTATES.— *Wills.* — *Descents.*— *Heir's Interest.*— *Attachment.*— *Garnishment.*—A will gave lands for life to the testator's wife, which at her death were to be sold and the proceeds equally divided amongst his five children. At the suit of a creditor of one of the children, his share of the lands was attached and the executor garnished, a judgment obtained, order to sell the attached lands, and that the executor garnishee pay on final settlement of the estate, of the debtor child's distributive share, to the creditor, a sum sufficient to satisfy the judgment. The creditor bought the attached land at sheriff's sale, and took a sheriff's deed. The executor died, and an administrator *de bonis non*, upon death of the widow, sold the land, by order of court, as the will directed.

*Held,* that the share of the debtor child in the proceeds should be paid to his creditor, who, by the sheriff's sale, had become the owner of the child's interest in the land, and, consequently, was entitled to the proceeds thereof.

SAME.—*Distribution.*—An administrator is liable to garnishment by a creditor of a legatee or distributee of the estate, and the unascertained share of such debtor may thus be applied to the payment of the debt, and an order for payment thereof binds a subsequent administrator, so that he can not, in the settlement of his trust, take credit for payment thereof to such distributee or legatee.

From the Wayne Circuit Court.

*C. C. Binkley,* for appellant.

*L. D. Stubbs,* for appellee.

HAMMOND, J.—The appellee, as administrator *de bonis non,* with the will annexed, of the estate of Elijah Harris, deceased, on February 24th, 1882, filed in the court below his report and account for the final settlement of said estate. In this report, by vouchers numbered 6 and 7, filed therewith, the appellee claimed credit in the sum of $195.96, paid to Levi J. Harris, one of the five children of said decedent.

The appellant filed his exceptions in three paragraphs to said final report, and also to a previous report of the appellee. The appellee demurred to each paragraph of the exceptions. The demurrer was sustained. The appellant excepted to the ruling, and, declining to amend, the appellee's final re-

port was approved. The ruling of the court upon the demurrer to the exceptions is assigned as error in this court.

The first paragraph of the exceptions avers that said Elijah Harris died testate in March, 1870. His will, which was duly admitted to probate, made certain specific bequests, gave certain real estate to his widow during her lifetime, and directed its sale at her death and the equal division of the proceeds of the sale between the testator's five children. The first executor of the will was Hiram Hough, who was appointed April 5th, 1870, and died in October, 1878. The appellee was appointed administrator *de bonis non*, with the will annexed, December 2d, 1878.

In 1870, after Hough's appointment as such executor, the appellant brought suit in the court below and recovered judgment against said Levi J. Harris in the sum of $143.22, and costs, and, by virtue of attachment proceedings in said action, obtained an order of court for the sale of said Levi's interest in said real estate, subject to the widow's life-estate; that said Hough, as such executor, was also summoned as garnishee in said action, and ordered, on the final settlement of the estate, to pay the appellant, out of whatever might be due said Levi, a sufficient amount to pay and satisfy said judgment. The interest of Levi in the real estate was sold at sheriff's sale to the appellant under his judgment, September 11th, 1875, for $217.04. Not being redeemed, a sheriff's deed was executed to the appellant January 3d, 1877, and recorded on the same day. The widow of the decedent died August 13th, 1879. In December of that year, the appellee, as administrator, under an order of court, sold the real estate, directed to be sold at her death as aforesaid by the will. The real estate sold for $1,050, one-fifth of which, by the will, would belong to Levi, but which, the appellant claims, belonged to him by virtue of his said judgment and purchase at sheriff's sale. The administrator, instead of paying the same to the appellant, paid it to Levi, and claimed credit therefor in voucher No. 9, filed

with his report of May 4th, 1880, and in vouchers Nos. 6 and 7 filed with his final report. The appellant contends that the payments made to Levi were illegal; that appellee ought not to be credited therewith; and asks that the appellee be required to pay to him the one-fifth of the proceeds of the sale of the real estate, with interest thereon. •

The second paragraph of the exceptions contains the averments of the first, except those relating to the sheriff's sale under the appellant's judgment against Levi. It also alleges that said judgment, and the order of court directing its payment out of Levi's distributive interest in his father's estate, are still in full force; that there is due the appellant on said judgment and costs $300; that after the sale of decedent's real estate, payment of debts, expenses of administration and specific legacies, there remained in the hands of the appellee, as administrator, the sum of $300, as the distributive portion of said Levi; that, instead of paying the same on the appellant's judgment, as directed by the court, the appellee paid the same to Levi, claiming credit therefor in his report of May 4th, 1880, and in his final report. The appellant asks that the payments made to Levi be disallowed, and that the appellee be required to pay to the appellant the amounts for which he thus asks credit.

The third paragraph of the exceptions is the same as the first, with the additional averments, that the appellee gave no notice of his appointment as administrator, did not make the appellant a party to the proceedings to sell the decedent's real estate, and that the appellant had no notice of the death of the former executor, or of the widow, or of the appointment of the appellee as administrator, nor of the proceedings to sell the decedent's real estate until after the sale thereof.

The appellee has not favored us with a brief, and we are not advised upon what grounds the rulings of the court were based in sustaining the demurrer to the appellant's exceptions.

On the death of the testator, the land directed to be sold ' at the widow's death vested in the testator's children, subject to the widow's life-estate, and the executor's duty to sell under the will. *Rumsey* v. *Durham,* 5 Ind. 71.

All lands of the judgment debtor, whether in possession, remainder or reversion, are liable to all judgments and attachments, and to be sold under execution against the debtor owning the same. Section 752, R. S. 1881. The interest of Levi in his father's estate, directed by the will to be sold after the termination of the widow's interest, was liable to attachment and to sale on execution to satisfy the appellant's judgment against said Levi. *Wilson* v. *Rudd,* 19 Ind. 101.

It follows, under the facts stated in the first and third paragraphs of the appellant's exceptions, that he succeeded to the interest of Levi, and that, upon its sale by the administrator, he became entitled to the proceeds thereof.

So, too, under the facts stated in the second paragraph of the exceptions, the appellant, by virtue of his attachment and garnishment proceedings, was entitled to have Levi's distributive portion in his father's estate applied to the payment of his said judgment against Levi. Executors and administrators are subject to garnishment at the suit of any attachment creditor of the person who has money or choses in action in their hands. Section 942, R. S. 1881. The unascertained distributive shares of a decedent's estate in the hands of the executor are effects liable to the process of garnishment. *Stratton* v. *Ham,* 8 Ind. 84.

The record of what occurred under the former executor, and the record of the sheriff's sale and deed, were notice to the appellee. These records apprised him of the appellant's rights. Before making distribution of the assets of his testator's estate, he was bound to ascertain to whom they belonged. Under the averments of the exceptions, the payments made by the appellee to Levi were unauthorized, and he can not be credited therewith.

Judgment reversed, at the personal costs of the appellee,

with instructions to the court below to overrule the demurrer to the appellant's exceptions, and for further proceedings in accordance with this opinion.

Filed Jan. 9, 1884.