## McKinley, Appellant, v. Martin.

*Wills—Construction—Vested and contingent interest—Condition sub-
sequent.*

1. Wills should be construed to speak and take effect as if executed
immediately before the death of the testator, unless a contrary intent
shall appear.

2. A construction is to be favored which vests an absolute estate
rather than a contingent or defeasible one.   The law regards with
disfavor conditions subsequently divesting a vested estate.

3. Testator after giving his real estate to his wife for life gave a
particular house to a son, but provided that "if he is living or societing
with his divorced wife he shall never inherit that property."   This
was followed by a gift over.   It appeared that the son had lived with
his divorced wife at times between the testator's death and the termi-
nation of the life estate, but there was no proof that they had lived
together between the date of the will and the testator's death.   *Held,*
that the condition created by the will was a condition precedent, that
the estate vested in the son absolutely when the will went into effect,
and was not defeated by his subsequent conduct.

Argued Nov. 1, 1909.   Appeal, No. 104, Oct. T., 1909, by
plaintiff, from judgment of C. P. No. 3, Allegheny Co., Feb. T.,
1906, No. 803, on verdict for defendants in case of *Lizzie
McKinley v. Sarah E. Martin et al.*   Before FELL, BROWN,
MESTREZAT, POTTER and STEWART, JJ.   Affirmed.

Ejectment for land in the Fifth ward of the city of Pitts-
burg.   Before DAVIS, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for defendants. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendants.

*George H. Quaill,* with him *Charles A. O'Brien* and *Charles W. Ashley,* for appellant.

*John M. Hunter,* for appellees.

PER CURIAM, January 3, 1910:

This was an action of ejectment, and both parties claimed title under the following clause of the will of Arthur Martin, which followed a devise of his real estate to his wife for life: "To my son Joseph I allow the house on Poplar alley . . . . ; if he is living or societing with his divorced wife, he shall never inherit that property, it shall go to Lizzie Martin McKinley, to support her fatherless children, Lizzie to pay Joseph ten dollars a year." It appeared at the trial that the son had lived with his divorced wife at times between the testator's death and the termination of the life estate, but there was no proof, nor direct offer of proof, that they had lived together between the date of the will and the testator's death. The learned trial judge held that the condition on which the son was to take was a condition precedent, and that the estate vested absolutely in him when the will went into effect and that it was not defeated by his subsequent conduct. In this there was no error. Wills should be construed to speak and take effect as if executed immediately before the death of the testator, unless a contrary intent shall appear: sec. 1, Act of June 4, 1879, P. L. 88. A construction is to be favored which vests an absolute estate rather than a contingent or defeasible one. The law regards with disfavor conditions subsequently divesting a vested estate: Jackson's Est., 179 Pa. 77.

The judgment is affirmed.