## GEORGEANNA K. LEWIS ET AL. *vs.* PINCKNEY T. PAYNE, ET AL.

*Vested and Contingent Remainders—Death of Remainderman During Existence of Particular Estate—Devise of Residue Subject to Conditions Annexed to Specific Bequest.*

When a testator creates a life estate in certain property and, upon its termination, gives two alternative remainders therein, first, to the children of X. if he has any, and, secondly, if he has no issue to the testator's heirs at law, these remainders, during the life of X., are contingent, that to his children being dependent upon their living at the time of his

death, and that to the testator's heirs being dependent on X.'s dying without issue.

But upon the death of X., leaving a child surviving, the remainder to the child becomes vested, although the preceding life estate had not expired. The other alternative remainder is then destroyed, and the testator's heirs at law cannot take, although X.'s child dies before the end of the life estate; since the remainder to the heirs was limited to take effect only in the event of the death of X. without issue.

A remainder limited to take effect after a life estate is not made a contingent remainder by the fact that it may never take effect in possession on account of the possibility of the remainderman's dying before the life tenant. If the remainderman is *in esse* and ascertained, and he would be entitled to possession at once, upon the termination of the life estate, then the remainder is vested in him.

When a remainder is vested and the remainderman dies before the termination of the preceding estate, his right is not thereby divested, but his interest passes to his heirs at law or next of kin, if he dies intestate.

A testator devised and bequeathed property to be held in trust for the benefit of his nephew Joseph during his life; after his death for Joseph's daughter Sarah, during her life, and to her children in fee if she should leave issue. If she died without issue, the property was given to the testator's heirs at law. Sarah died during the lifetime of Joseph, leaving an infant son surviving her, who afterwards died, also in the lifetime of Joseph. *Held,* that upon the death of Sarah the remainder became vested in her son, and on the death of Joseph, the heirs at law and next of kin of Sarah's son are entitled to the property to the exclusion of the heirs at law of the testator.

Certain property was given by a will to a trustee for the benefit of X. for life; after his death for his daughter for life, then to her issue if she die leaving issue, but if she die without issue, then to the heirs at law of the testator. By a codicil, the testator directed that the rest and residue of his estate should be divided into three parts, and he gave one of these parts to X., "subject to the same trusteeship and conditions

as stated in my will." *Held,* that the daughter of X. and her issue are entitled to one-third of the residue of the estate in the same manner in which they took interests in the property devised to them by the will.

*Decided April 1st, 1910.*

Appeal from the Circuit Court of Baltimore City (HAR-LAN, C. J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and URNER, JJ.

*Wm. Milnes Maloy* (with whom was *George Moore Brady* on the brief), for G. K. Lewis *et al.,* appellants.

*John C. Tolson* (with whom was *Albert C. Tolson* on the brief), for C. Z. Boteler *et al.,* appellants.

*Daniel B. Chambers* filed a brief for Anna B. Roberts *et al.,* appellants.

*Walter H. Taylor* and *Ralph Robinson,* for the appellees.

THOMAS, J., delivered the opinion of the Court.

Joseph Zane, of Boston, Massachusetts, died leaving a last will and testament and codicil, which were duly admitted to probate in the Probate Court of Suffolk County, Massachusetts, and in the Orphans' Court of Baltimore City. The will, which was executed the 31st of March, 1896, disposes of a large estate to his wife, brother and sister, nieces and nephews, grandnieces and grandnephews, and certain nieces of his wife. Among the numerous devises and bequests is the following provision for his nephew, Joseph Zane, of Baltimore City, and said nephew's daughter and her children:

"I give, devise and bequeath to John Grace Suman, of Baltimore, Md., my real estate corner of Baltimore and Carey streets, in said Baltimore, containing about fifteen hundred square feet of land, and the buildings thereon, and the sum of twenty thousand dollars, in *trust* nevertheless for the uses and purposes following, to wit: The annual income of said real estate and of said twenty thousand dollars shall be paid by said trustee quarterly to my nephew, Joseph Zane, of said Baltimore, for the full term of his natural life, and after his decease, the remainder of said real estate and said twenty thousand dollars shall go to Sarah Clarinda Zane, daughter of said Joseph Zane (my grandniece) during the term of her natural life, and to her children in fee simple, if she leaves issue; but if she dies without issue, at her decease said real estate and said twenty thousand shall go to my heirs at law, discharged of all trusts."

The residuary clause of the will is as follows: "All the rest and residue of my estate, real, personal and mixed, of which I shall die seized, and possessed or to which I shall be entitled at my decease, I give, devise and bequeath to my heirs at law and their heirs by right of representation, in fee simple," etc.

In March, 1899, the testator executed a codicil, in which he confirms his said will, "so far as this codicil is consistent therewith," and after a nnumber of devises and bequests therein, disposes of the entire remainder of his estate as follows:

"All the rest and residue of my estate, real, personal and mixed, wheresoever it may be found and of whatsoever it may consist, I desire it to be divided into three equal parts, and disposed of as follows:

"To my nephew, Joseph Zane, one part subject to the same trusteeship and conditions as stated in my will of March 31, 1896.

"To my niece, Ellen Amelia Zane Clairage, one part. To my niece, Georgianna Kelley, one part."

John Grace Suman declined to accept the trust created by the above provisions of the will and codicil, and William J. O'Brien, Jr., of Baltimore City, was by the Probate Court of Suffolk County, Massachusetts, appointed trustee in his place, and the entire trust estate created by said provisions of the will and codicil, consisting, as now invested, of Baltimore City ground rents and mortgages on property in Maryland, and amounting to about sixty-five thousand dollars, was in possession of said substituted trustee at the time of the filing of the bill in this case, and until he was, by an order of the Court below in this case, appointed receiver to take and hold the same until the further order of said Court.

Sarah Clarinda Zane, the daughter of Joseph Zane of Baltimore City, referred to in the above paragraph of the testator's will, who survived the testator, married Pinckney T. Payne, had one child, Pinckney T. Payne, Jr., and died on the 15th day of July, 1905, leaving her said child, an infant, and her husband surviving. Pinkney T. Payne, Jr., the infant, also died in the lifetime of Joseph Zane, of Baltimore, leaving surviving him his said father, Pinkney T. Payne. Joseph Zane, of Baltimore, is now dead, and after his death the trustee of one of the heirs at law of the testator filed the bill in this case against the testator's other heirs at law, William J. O'Brien, as trustee and as executor of a deceased heir at law, and Pinkney T. Payne, alleging, among others, the facts we have stated; claiming the property devised and bequeathed to Joseph Zane by the will and codicil, and asking for a construction of said will and codicil; the appointment of a receiver to take charge of the property, and for a partition of the same among those entitled thereto. Pinkney T. Payne demurred to the bill, and the three appeals in the record in this case are by different defendants from the decree of the Court below sustaining the demurrer and dismissing the bill.

The contention of the appellants, in respect to the property mentioned in the above paragraph of the will, is that Pinckney T. Payne, Jr., the infant child of Sarah Clarinda

Payne, having died before the expiration of the equitable life estate of Joseph Zane, of Baltimore, the estate he would have taken had he survived his grandfather, passed by the terms of the will to the heirs at law of the testator; and in respect to property devised and bequeathed to Joseph Zane, of Baltimore, by the codicil, that the testator did not intend that, after the death of Joseph Zane, it should go to said nephew's daughter and her children, according to the provisions of the will relative to the property therein given to said nephew.

It is insisted that Pinckney T. Payne, Jr., did not, at the time of his death, have a vested interest in the property, but in this we think the appellants are clearly wrong. The will gave alternative contingent remainders; first to the children of Sarah Clarinda Zane, if she left any, and if she died without leaving issue, then to the testator's heirs at law. During the life of his mother the interest of Pinckney T. Payne, Jr., was contingent, depending for its vesting upon his surviving her, and the remainder in favor of the testator's heirs at law was contingent upon Sarah Clarinda Payne's dying without issue. Upon the death of Mrs. Payne leaving a child, the only contingency upon which the remainder in favor of her children depended by the terms of the will had happened, and her child took a vested remainder, thereby destroying all possibility of a future interest in the heirs at law of the testator, whose remainder was limited to take effect only upon the death of Mrs. Payne without issue. It is said in 24 *Am. & Eng. Ency. of Law,* (2nd ed.) 417, that, "The rule that a remainder cannot be limited after a fee simple does not forbid the limitation of two or more remainders in fee simple as substitutes or alternatives the one for the other, that is, on such contingencies that only one of the remainders can possibly vest. Such limitations are variously called contingencies with a double aspect, or gifts on a double contingency, or gifts or devises on two alternative contingencies. Each of such fees is a remainder in regard to the particular estate, but none is a remainder in regard to any other of them." The same rule is stated in 2 *Washburn on Real Property,* (6th

ed.), sec. 1575, as follows: "Notwithstanding a remainder limited after a remainder in fee would be void, yet two remainders may be so limited, though each a fee, as to be good, provided this is so done that only one is to take effect, the one being a substitute for, and not subsequent to, the other. The consequence is, that, if the first takes effect and becomes vested, the other at once becomes void. Such limitation is said to be of a *fee with a double aspect.*"

In the case of *Demill* v. *Reid,* 71 Md. 175, the testator devised certain property to his son, Henry J. Willett, in trust for his grandson, John Willett Belt, for life, "and from and immediately after the decease" of said grandson to the children of said Belt to be "divided between them as tenants in common." His will further provided: "But in case the said John Willett Belt should depart this life, without leaving a child or descendant thereof living at the time of his death, or in case he should have a child, children or descendants of the same living at the time of his death, and such child, children, descendant and descendants should all subsequently depart this life under lawful age, and without issue living at the time of his, her or their decease, then in trust that the said principal estate and property shall go to and become the property of the children of my said son Henry J. Willett," etc. JUDGE MILLER, in disposing of that case said: "As to the character of the estates thus created, we have no difficulty. It is a clearly established general rule in the construction of wills that a limitation which may operate as a remainder shall not be construed as an executory devise. Here then is first a life estate given to the grandson, Belt, and upon his death alternative contingent remainders in fee are limited, first, to the child or children of Belt, if he leaves any which shall attain lawful age, or die before that time leaving issue, and failing this then to the children of testator's son Henry. If Belt had left a child who attained the age of twenty-one, or died before that time leaving issue, the fee would have vested in such child or issue, and such vesting would forever have excluded any possible future interest

in the children of Henry J. Belt. Their interest took effect only upon the failure of the preceding contingency. There are, therefore, here two contingent fees not limited to take effect the one upon or after the other, but the one to take effect to the entire exclusion of the other, and the falling out of the contingencies is to decide which of the two is to take effect."

*Demill* v. *Reid* is so conclusive as to the character of the estates with which we are dealing in this case, and has been so frequently cited and relied on in this State, that it is not necessary to do more than refer to some of the cases. *Larmour* v. *Rich.,* 71 Md. 369; *In re Banks' Will,* 87 Md. 425; *Nowland* v. *Welch,* 88 Md. 48.

It is claimed, however, that these cases do not apply because of the outstanding life estate of Joseph Zane of Baltimore, and that the remainder in favor of the child and of Mrs. Payne could not become vested until after the death of the first life tenant. But that view is not warranted by any reasonable construction of the will. By its terms it was to be determined at the *death* of *Mrs. Payne* which of the alternative remainders was to take effect. If she left issue they were to take to the exclusion of the heirs at law of the testator. No *other time* was appointed, and the remainder to her children was not dependent upon *any other* contingency. It could not, of course, vest in possession until after the death of Joseph Zane of Baltimore, but the *right* of Pinckney T. Payne, Jr., to the possession of the estate after the death of the life tenant, became a *certain* and vested *right* upon the death of his mother. The fact that his possession of the property had to await the determination of the preceding life estate did not make the remainder a contingent remainder. It is said in 24 *Am. & Eng. Ency. of Law,* (2nd ed.) 389, that, "The true criterion of a vested remainder is the existence in an ascertained person of a present fixed right of future enjoyment of the estate limited in remainder, which right will take effect in possession immediately on the determination of the precedent estate, irre-

spective of any collateral event, provided the estate in remainder does not determine before the precedent estate." In *Cox* v. *Handy,* 78 Md. 108, Judge Bryan, after stating the test by which a vested remainder may be known, given in 1 *Preston on Estates,* 70, adopts the following statement of the rule by the Chancellor in *Moore* v. *Lyons,* 25 Wend. 144: "For where a remainder is so limited as to take effect in possession, if ever, immediately upon the determination of a particular estate, which estate is to determine by an event which must unavoidable happen by the efflux of time, the remainder is vested in interest as soon as the remainder-man is *in esse* and ascertained; provided nothing but his own death before the determination of the particular estate will prevent such remainder from vesting in possession." In *Fearne on Contingent Remainders,* star page 216 (Butler's ed.), the author says: "It is not the uncertainty of ever taking effect in possession that makes a remainder contingent; for to that, every remainder for life or in tail is or must be liable; as the remainderman may die, or die without issue before the tenant for life. The present capacity of taking effect in possession, if the possession were to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, universally distinguishes a vested remainder from one that is contingent."

Applying the rule as stated to the remainder of Pinckney T. Payne, Jr., if the preceding life estate had determined any time after his mother's death and before his death, he would have come into possession of the estate, and his remainder after his mother's death was, therefore, a vested remainder, and being in fee, upon his death before the expiration of the life estate of Joseph Zane, it passed, so far as it is real estate, to his heirs at law, and to the extent that it is personal property, to his personal representative, subject to said life estate. *Cox* v. *Handy; In re Roger's Estate,* 97 Md. 674; *Roberts* v. *Roberts,* 102 Md. 131.

In respect to the one-third of the residue of the estate de-
vised and bequeathed by the codicil to Joseph Zane "subject
to the same trusteeship and conditions as stated in my will
of March 31, 1896," it is claimed by the appellants that
these words do not mean that Joseph Zane's daughter and her
children were to have the property after his death according
to the terms of the devise and bequest to them in the will, but
we think they are also wrong in this contention. By his
will the testator gave all the rest and residue of his estate to
his heirs at law. This provision of his will was, as was said
in *O'Brien* v. *Clark,* 104 Md. 30, changed by his codicil, in
which, after making a number of additional bequests, he di-
rected all the rest and residue of his estate, of every kind, to
be divided into three equal parts, and one of these parts he
gave to his said nephew, Joseph Zane, as stated, and the other
two parts he gave to his two nieces, one part to each. He
thereby intended to dispose of his entire estate, and to give
the whole residue thereof, after the devises and bequests
previously made, to these two nieces and his said nephew;
yet if the contention of the appellants be sound the testator
did not dispose of the remainder of the third given to his
nephew after the expiration of his life estate, and to that
extent he died intestate, for it must be conceded that his
said nephew took only an equitable life estate in the third
devised and bequeathed to him. There is nothing in the
will to justify the suggestion that the testator only intended
to dispose of a life estate in the third given to this nephew.
On the contrary, the whole tenor of his will and codicil
clearly indicates his intention to dispose of his entire estate,
and to give to his nephew's daughter and her children, if she
left any, the share he was to enjoy for his life only. What,
under the circumstances do the words "subject to the same
trusteeship and conditions stated in my will of March 31,
1896," naturally suggest? Can we infer that the testator,
when disposing of his *entire estate,* meant to limit the devise
and bequest to a life estate? There is nothing in either the
will or codicil indicating a desire on the part of the testator

to withhold from his nephew's daughter and her children the share intended for him. The only reasonable conclusion, in the absence of some provision in the will or codicil indicating a contrary intention, is that the testator, in disposing of the residue of his estate, and desiring his nephew to have one-third of it, had in mind the provisions of his will relative to the previous gift to him, and that he intended all of those provisions to apply also to his share of the rest and residue of his estate. In *Lavender* v. *Rosenheim,* 110 Md. 154, JUDGE PEARCE quotes the following statement of JUDGE ALVEY, in *Dulany* v. *Middleton,* 72 Md. 75 : "It is very clear, from all the provisions of the will, that the testator intended to dispose of all of his estate, and that he did not contemplate the possibility of a state of intestacy as to any part of his estate, *with respect to any event* or from any interval of time. * * * As said by LORD ALVANLEY, M. R., in *Booth* v. *Booth,* 4 Vesey, 407, 'Every intendment is to be made against holding a man to die intestate, who sits down to dispose of the residue of his property.' "

The appellants rely mainly on the case of *Buchanan* v. *Lloyd,* 64 Md. 306. In that case Governor Lloyd by his will, after making provision for his widow, disposed of his estate to his sons and daughters and his daughters' children. The shares of his daughters were left in trust. He devised and bequeathed to his three sons, Edward, James M. and Daniel Lloyd, in trust for his daughter, Elizabeth Tayloe Winder, for life, with remainder to her children, a farm and $5,000.00. Similar provisions were made for his other daughters, and after various bequests of personal property, the testator, by a residuary clause of his will, bequeathed all the residue of his personal estate to his three sons, to be equally divided between them. By a codicil, the testator, after ratifying his will, except so far as altered by the codicil, bequeathed to his two sons, Edward and James M. Lloyd, "in special trust, agreeably with the provisions of my said will, the sum of $5,000.00 (in addition to the $5,000.00 devised in my said will) ;—for the use and benefit of my said

daughter, Elizabeth Tayloe Winder." After Mrs. Winder's death her children claimed the $5,000.00 bequeathed to her by the codicil. JUDGE ALVEY interpreted the words "in special trust, agreeably with the provisions of my said will" to mean "upon the same trust as that specified in the will, namely, to hold for the life of Mrs. Winder and no longer," and then says, "and the question is whether, upon the will and codicil together, there is such manifest intention, by implication or otherwise, that the property bequeathed by the codicil for the life of Mrs. Winder, should go to her children at her death, as in the preceding devise by the will. and thus withdraw the property from the operation of the residuary clause of the will? Of course, it is very clear that if there be no such limitation over in favor of the children, the property passed under the residuary clause; for it is too obvious to admit of serious question that Mrs. Winder did not take more than an equitable life estate in the property given her by this particular clause of the codicil. It is certainly a well settled principle that the will and codicil are to be construed together as one instrument, and are to be reconciled as far as practicable. But what is plainly given by the will is not to be revoked or withdrawn by doubtful or ambiguous expressions employed in the codicil. Here the effect is by construction, and in total absence of plain words expressive of any such intention, to give an effect and operation to a clause in the codicil whereby the residuary clause of the will must be curtailed of the subject matter of its operation."

It is apparent that there is a marked difference in the words employed in the two wills. Following the construction adopted by JUDGE ALVEY, if the testator in this case had said, subject to the same trusteeship as stated in my will of March 31, 1896, it would have been interpreted to mean that the property was to be held in trust for the life of Joseph Zane. But that is not what the testator said. The gift to his nephew was not subject to the same trusteeship as stated in the will, but subject to the same trusteeship and conditions

as stated in the will.  If subject to the same trusteeship as stated in the will would have meant that his nephew was only to have an equitable life estate, what significance is to be given to the additional qualification that it was to be subject also to the same *conditions* as stated in the will?  It can only mean that the devise and bequest was to be subject to all the terms and provisions contained in the will relating to the property there given to his nephew.  Morever, in the case referred to the effect of the claim of Mrs. Winder's children would have been to withdraw the $5,000.00 from the operation of the residuary clause of the will, by which the testator bequeathed the residue of his personal estate to his sons, and it was that feature of the case that largely controlled the Court in reaching its conclusion.  Here the effect of the contention of the *appellants* would be, not only to withdraw the fee in the third given to Joseph Zane from the operation of the residuary clause of the codicil, but to also defeat the obvious purpose of the testator to dispose of his entire estate. So if we adopt the reasoning of the Court in *Buchanan* v. *Lloyd,* it furnishes ample authority for withholding our assent to the claim of the appellants in this case, and in the later case of *Buchanan* v. *Lloyd,* 88 Md. 642, the Court, in construing a somewhat similar clause in the codicil to said will in favor of another daughter of the testator, held that the name of the legatee in the codicil was used in a representative sense and meant the legatee and her children.

After carefully considering all the provisions of the will and codicil in this case, we can reach no other conclusion than that Pinckney T. Payne, Jr., the infant child of Sarah Clarinda Payne, took, at his mother's death, a vested remainder in the property devised and bequeathed by the will and codicil in trust for Joseph Zane, of Baltimore City, for life, etc., and that the heirs at law of the testator have no interest in this property.  The decree of the Court below, sustaining the demurrer of the appellee and dismissing the bill, must, therefore, be affirmed.

*Decree affirmed with costs, in each appeal.*