(No. 14638.—Decree affirmed.)
ETTA RICHARDS, Appellant, *vs.* CHARLES RICHARDS *et al.*
Appellees.

*Opinion filed June 21, 1922.*

1. WILLS—*conditions precedent and subsequent defined.* A condition subsequent is a condition annexed to an estate already created by a previous clause or instrument and by which said estate is to be prematurely defeated or determined, while a condition precedent is a condition upon the fulfillment of which an estate or interest is to arise or be created.

2. SAME—*conditions—intention of testator must be ascertained and given effect.* In determining whether a devise is upon a condition precedent or subsequent the first consideration is the intention of the testator as expressed in the language used by him, and having determined this intention it should be given effect.

3. SAME—*all conditions precedent must be performed before estate vests.* Where the condition for vesting the fee is that the devisee shall have saved up the sum of $15,000 from the use of the estate, the fact of such accumulation to be established by proof before a circuit judge, the fee will not pass where the devisee accumulates said sum but makes no application to a circuit judge to invest him with the fee, and after the death of the devisee his representative will not be entitled to make such proof for him but the fee will go over to other devisees, as provided in the will.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

COBURN & BENTLEY, and BOYS, OSBORN & GRIGGS, for appellant.

VINCENT J. DUNCAN, guardian *ad litem,* for appellee Charles Richards.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

February 9, 1907, Frederick Richards died testate, seized in fee of a large amount of real estate. The ninth clause of his will provided: "I give, devise and bequeath unto my son Charles Richards the use of the following described

real estate for and during the period of his natural life: [Describing about 600 acres of land in LaSalle county, Illinois.] * * * Provided, however, that when my said son Charles Richards shall have made, accumulated and saved the sum of fifteen thousand dollars ($15,000) over and above any indebtedness which he may owe, then, upon making proof of such fact to any one of the circuit judges of the county in which said lands are situated, said judge may, and shall by his order or decree, invest him, the said Charles Richards, with the fee simple title to the real estate herein described and of which he is herein given the use; and in case the said Charles Richards fails to obtain the fee simple title to said real estate in the manner provided, then, upon the death of said Charles Richards, I give, devise and bequeath the remainder estate * * * to the children of the said Charles Richards in equal parts, share and share alike; * * * and in case of the death of my said son, Charles Richards, without leaving any child or children, * * * I give, devise and bequeath the said remainder estate * * * to my children." Similar provisions were made for other sons. February 28, 1918, Charles Richards died testate, leaving him surviving a widow, Etta Richards, appellant, and an eight-year-old son, Charles Richards, one of appellees. By the second clause of his will he gave his widow all of his personal property and by the third clause he gave her a life estate in all of his real property. The remainder he gave to his son in fee simple if he survived his mother, and in case of his death prior to that of the life tenant the remainder was devised to two brothers of appellant. Richards died owning a 148-acre farm in Livingston county, a home in the city of Streator, and considerable personal property.

The evidence shows that Charles Richards was a farmer and stock-dealer; that he resided in Streator, Illinois, until the fall of 1915, when he moved upon the lands described in the ninth clause of his father's will; that he had for

many years prior to his death been addicted to the excessive use of intoxicating liquor; that he had accumulated and saved property the value of which greatly exceeded $15,000, and that he had never made application to a circuit judge of LaSalle county to invest him with the fee simple title to the real estate described in the ninth clause of his father's will and had never offered proof of the fact that he had accumulated and saved the sum of $15,000.

Appellant filed her bill in the circuit court of LaSalle county, in which she prayed for a construction of the will of Frederick Richards, deceased, and that a decree be entered that Charles Richards, deceased, was at the time of his death seized in fee simple of the real estate described in the ninth clause of the will of Frederick Richards. To this bill the guardian *ad litem* who had been appointed for the minor son, who was made a party defendant, filed a general demurrer, which was overruled. Thereupon the guardian *ad litem* filed a formal answer, to which appellant filed a replication. The cause was referred to a master in chancery, who took proof and reported that the evidence supported the allegations of fact in the bill. To this report the chancellor sustained exceptions and entered a decree denying the prayer of the bill.

The principal question involved in this case is whether the conditions attached to the devise to Charles Richards were precedent or subsequent. It is conceded by appellant that the condition that he make, accumulate and save the sum of $15,000 was a condition precedent, but it is contended that the condition that he make proof of this fact to one of the circuit judges was a condition subsequent, and that this condition could be performed by his personal representative or his heir after his death. Fearne defines a condition precedent as a direct condition which is not annexed to an estate created by a previous clause or instrument but upon the fulfillment of which an estate or interest is to arise or be created; and a condition subsequent

as a direct condition that is annexed to an estate or interest created by a previous clause or instrument, and upon the fulfillment or upon the breach of which, according to the form of the condition, such estate or interest is to be prematurely defeated or determined and no other estate is to be created in its room. (2 Fearne on Remainders, secs. 12, 13.) Redfield says: "Conditions in wills are either precedent or subsequent,—that is, the performance of the condition is required before the estate can vest or the failure to perform the condition will divest the estate. The distinction between these two classes of conditions is well enough understood by the profession, and still it is not always easy, in practice, to determine with certainty whether a condition was intended to limit the acquisition or the retention of the estate." (2 Redfield on Wills,— 2d ed.—283.)

The first thing to consider in the construction of this will is the intention of the testator as expressed in the language used by him, and having determined this intention it should be given effect. (*Munie* v. *Gruenewald,* 289 Ill. 468.) The language used by Frederick Richards is plain and unambiguous and there is no need for construction. He names the conditions necessary to be performed by his son Charles in order to vest the son with the fee to the lands described, and then provides that if the son does not obtain the fee "in the manner provided," then the fee shall vest in the son's children. If two or more things are to be done before an estate vests, both or all must be done, otherwise the conditions will not be performed. (1 Shepard's Touchstone, 270; *Nevius* v. *Gourley,* 95 Ill. 206; *Becker* v. *Becker,* 241 id. 423.) The testator might have provided other methods for establishing the fact that his son had accumulated the necessary amount of money to entitle him to be invested with the fee to the lands in which he had been given a life estate, but he chose to provide one method, and made specific provision that if the money was not ac-

cumulated and the fact of its accumulation was not established by the one method provided, then the fee should pass to the son's children. All the conditions mentioned in the ninth clause of Frederick Richard's will are clearly conditions precedent, because they are conditions of acquisition of an estate and not conditions of retention, merely. Having failed to comply with these conditions Charles Richards did not become vested with the fee simple title to this property, and the real estate passed on his death to his minor son, Charles, and this minor son became vested with the fee simple title to the real estate described in the ninth clause of the Frederick Richards will by virtue of the provisions of that clause.

We are not without precedent in this conclusion. In *Cassem* v. *Kennedy,* 147 Ill. 660, the testatrix devised to her son a house and lot on condition that he settle down and become steady in his habits and marry, or if he remained a single man he was not to have the title until he arrived at the age of forty years. In either event the title was not to pass until the devisee had established to the satisfaction of the county judge that he was a reformed man or that he was over forty years of age. In that case this court held that the conditions were precedent and that the estate did not vest until the required conditions had been performed. In *Ransdell* v. *Boston,* 172 Ill. 439, a condition in a will whereby the life estate given the testator's son was to be enlarged to a fee in case he should become divorced from his then wife was held to be a condition precedent and the vesting of the fee thereby postponed until the condition was performed. In *Goff* v. *Pensenhafer,* 190 Ill. 200, the testator devised to each of his three children eighty acres of land to be thereafter selected for them, and the remainder of his lands after the selections were made was devised to his widow and others. This court held that the selection of the eighty-acre tracts by the testator was a condition precedent upon which the devise of

the remainder depended, and the testator having failed to make the selections the devise of the remainder failed. In *Jacobs* v. *Ditz,* 260 Ill. 98, the testator devised a farm to his son on condition that the son pay certain legacies and on the further condition that he file receipts for such payments with the county clerk, and it was held that both conditions were conditions precedent and that they must be performed before the estate vested. In *Brennan* v. *Brennan,* 185 Mass. 560, 71 N. E. 80, testatrix devised certain property to Brennan on condition that he take care of her and look after her while she lived, and the supreme judicial court of Massachusetts held that the condition was a condition precedent, and that his failure to perform the condition, although he had no knowledge of the provisions of the will until after the death of the testatrix, prevented the property devised from vesting in him. In *Markham* v. *Hufford,* 123 Mich. 505, 82 N. W. 222, the testatrix gave to a grandson $500 on condition that he show to the executors of her will, at the expiration of two years, that he was a reformed man. These conditions were held to be conditions precedent and the vesting of the legacy was held to depend upon a compliance with the conditions. In *Kerens* v. *St. Louis Union Trust Co.* (Mo.) 223 S. W. 645, 11 A. L. R. 288, the testator placed a fund in trust for the benefit of his son, and provided that the *corpus* of the fund should be paid to the son if he refrained from using intoxicating liquor for a period of five years and establish such fact by proof to the satisfaction of the trustee, and it was held that both conditions were precedent and must be fulfilled before the estate vested in the son.

Other questions are argued in the briefs, but we do not consider a decision of them necessary to a proper decision of this case, and so we refrain from extending this opinion to discuss them.

The decree of the circuit court is affirmed.

*Decree affirmed.*