DICKEY *v.* CITIZENS STATE BANK OF FAIRMOUNT ET AL.

[No. 14,241. Filed March 8, 1932. Rehearing denied October 6, 1932. Transfer denied December 12, 1933.]

*Franklin Dickey, Oren W. Dickey, M. B. Hottel,* and *William R. Forney,* for appellant.

*Lett & Lett, D. F. Brooks,* and *Orlo L. Cline,* for appellees.

KIME, J.—Suit by appellant seeking to have the will of Benjamin F. Dickey, deceased, construed and to quiet title as against all the appellees, defendants below. The complaint was in three paragraphs, each of which were

separately demurred to by each of the appellees (defendants below) for want of facts. Each of the demurrers filed by appellees was sustained. Appellant elected to stand upon each of said paragraphs of complaint and refused to plead further or over. The trial court thereupon found for the appellees and rendered judgment accordingly. Appellant assigns as error the action of the trial court in sustaining the various demurrers, and these rulings are presented here for review. There are some twenty separate assigned errors, but the questions presented by the rulings of the court on each of the separate demurrers are identical, viz: Whether or not the three paragraphs of complaint and each of them state facts sufficient to constitute a cause of action against the appellees.

The principal questions presented by this appeal can more clearly be shown by a brief statement of the facts as set forth in the pleadings.

On November 20th, 1928, Benjamin F. Dickey departed this life testate, and his last will was probated in the Grant Circuit Court on November 30, 1928. That part of the will material to this controversy is as follows:

"ITEM 5. I give, devise and bequeath to my beloved wife, Cecilia Dickey, (real estate described) she to have and to hold said real estate and enjoy all the rights, benefits, rents and profits derived therefrom for and during her natural life. And upon the decease of my said wife, if my son Oscar Dickey shall be living and shall have married and is at that time living with his said wife, I will, give and direct the said real estate above described shall be and become the absolute property of my said son Oscar Dickey; to be owned and held by him in fee simple. Provided further however, that if at the time of the decease of my said wife my said son Oscar Dickey shall not have become a married man and be living at that time with his said wife, I will and direct that said real estate

above described; being (real estate described) shall be by my said executor, hereinafter named, sold and the one-third of the net proceeds shall be given to the Marion Hospital, of Marion, Grant County, Indiana, as an endowment fund for said hospital. The principal sum to be loaned on first mortgage real estate security and the interest on said principal sum to be used annually for the upkeep and maintenance of said hospital. One-third of said proceeds to be given to White's Institute of Wabash County, Indiana, as a permanent fund. The principal sum to be kept loaned or invested as the trustees of said White's Institute may deem safe and secure for the upkeep and maintenance of said White's Institute. And the remaining one-third I give and devise to the Trustees of the Tuskegee Normal and Industrial Institute of Tuskegee, Alabama, as an addition to the endowment fund of said Tuskegee Institute. The principal sum to be loaned on first mortgage real estate security and the interest on said principal sum used annually for the upkeep, maintenance and benefit of said Tuskegee Institute."

The first paragraph of appellant's complaint proceeds upon the theory that the testator, Benjamin F. Dickey, deceased, died intestate as to the fee simple title of the real estate described in item 5 of his will, and that upon the testator's death, his widow took the life estate in said real estate under said item 5 of said will, and she and her son (the son being also the son of the testator), as such testator's sole and only heirs at law, took the remainder in fee in said real estate, and that upon the death of the mother the said son as her sole and only heir inherited from her her said interest in said real estate, and alleges that at the time of the bringing of this action the appellant was the sole and only owner of the said real estate: The second paragraph is predicated upon the theory that under item 5 of the will of his father, appellant's mother took a life estate, and that he (appellant) took the remainder in fee, which vested upon the death of the father and has never been

divested: The third and last paragraph contains substantially the same averments as the second, and in addition alleges that the condition imposed by item 5 of said will was impossible of performance by the plaintiff alone, that it required the consent and approval of some unnamed party whose consent and actions neither the testator nor appellant had the right and power to control, and that for such reason said condition was invalid and void; that such condition was invalid and void because against public policy and good morals in that its tendency was to induce marriage by a wholly property and monetary consideration and leaves out of consideration the element of affection and devotion, etc.

Many questions are presented in this appeal and appellant has gone to great lengths in his brief and methodically enumerated a number of ills that he alleges could arise if the courts were to approve conditions such as those involved in the will in the instant case, setting forth that such conditions are against public policy and good morals in that they would tend to induce marriage without love, affection, and devotion; that such conditions would be an incentive and inducement to a son to go out and impose upon some innocent girl for whom he cherishes no devotion, affection, etc.; that if appellant were married such provisions would practically force him to live with his wife even though she had been unfaithful and violated every conjugal duty and obligation and become so immoral, depraved, and vicious so as to entitle the appellant to a separation and divorce from her upon every ground known to the law, in order to receive the bequest. In our estimation these assertions are highly presumptuous, to say the least.

The will as set out in the complaint shows that ample provision was made for Oscar Dickey by his father, and we believe it would be more in keeping with the spirit of the law and be more reasonable to assume that the additional bequest was based

upon the supposition that Oscar Dickey would require more if the conditions set forth in the will existed. It would also be just as reasonable to presume that it was not the intent of the testator to force appellant into a marriage in order to receive the property and that he never intended to give appellant the property at all; that he merely intended the property in question to be an additional bequest to assist his son in taking care of the added responsibilities that would inevitably have arisen had the conditions as set forth in testator's will existed. We believe that the testator had none other than the kindest of motives in making such a will and that his action was thoughtful and commendable. It is apparent that there was no restraint to marriage and as to compulsion or inducement we cannot say that such existed. It is our opinion that the will contains nothing repugnant to or against public policy.

We believe that the language used in the will is quite clear, and its meaning is manifest and obvious. This court is not at liberty to qualify or control such language in a will by conjecture or doubt arising from extraneous facts which might exist. It is plain that the testator made the devise of the real estate in question to appellant contingent upon a condition which did not exist at the time of the life tenant's death. The testator's power to give necessarily includes the right to withhold or attach terms and conditions to the gift, regardless of how capricious or unreasonable the conditions may seem to others, unless they violate some established principle or statute. *In re Scott's Will* (1924), 204 N. Y. S. 478.

Appellant vigorously urges that this court should construe the will of Benjamin Dickey, and calls our attention to several well known rules of construction of wills. The cardinal rule in the interpretation of wills, to which all other rules must bend, is that the intention of the testator shall prevail,

provided that it is consistent with the rules of law. As we have heretofore stated, it is our opinion that the intention of the testator is manifest and obvious, and under such circumstances a resort cannot be had to rules of construction. *Alsman* v. *Walters* (1915), 184 Ind. 565, 106 N. E. 879, 111 N. E. 921; *Jones* v. *Chandler* (1915), 61 Ind. App. 500, 110 N. E. 235; *Laisure* v. *Richards* (1915), 56 Ind. App. 301, 103 N. E. 679; *Smith* v. *Smith* (1915), 59 Ind. App. 169, 109 N. E. 60.

It is appellant's contention that the estate in question vested immediately upon the death of the testator. It is true that the courts of this state and of practically every other jurisdiction have consistently held that estates should vest at the earliest possible moment, and this court has also held the same way on various occasions. However, in view of the language used in Item 5 of testator's will it seems quite clear that testator did not intend that title to the property vest unless the conditions contemplated by him were in existence at the time of the life tenant's death.

The conditions in testator's will were conditions precedent. Item 5 of the will in effect says that "if, upon the death of my wife, my son Oscar shall be living," "if he shall have married," and "if he is at that time living with his wife," the real estate described shall become the absolute property of appellant herein. Such words are words of contingency and are the usual and proper phrases to constitute a condition precedent to the vesting of a remainder. *Linscott* v. *Trowbridge* (1916), 224 Mass. 108, 112 N. E. 956. Conditions precedent has been defined as those which must be performed or must happen before the estate can vest. *Jacobs* v. *Ditz* (1913), 260 Ill. 98, 102 N. E. 1077; *Maguire* v. *City of Macomb* (1920), 293 Ill. 441, 127 N. E. 682; *In re Scott's Will, supra; Bell* v. *Nesmith* (1914), 217 Mass.

254, 104 N. E. 721. In *McKinley* v. *Martin* (1910), 226
Pa. 550, 75 Atl. 734, 134 Am. St. Rep. 1076, the court con-
strued a condition somewhat similar although not analo-
gous to the instant case, a condition precedent, but held
that the estate vested absolutely when the will went into
effect. However, in that case the time fixed by the testator
was indefinite and a proper subject for construction by
the court, whereas in the instant case the will specifically
fixes the time as "upon the decease of my said wife."
There is considerable conflict in the various jurisdic-
tions of this country regarding the time to which words
of survivorship refer in a devise or bequest of real
property after a life estate. It seems that our courts
have consistently held that ordinarily such words as
"after the death" and "upon the decease" in a devise of
a remainder refer, not to the period of vesting the
estate, but to the period of its coming into possession,
and that the remainder vests at the testator's death,
but in the instant case we cannot consistently say that
the conditions were subsequent and that the estate
vested, subject to being divested upon the failure of the
conditions, as the language of the will clearly does not
contemplate or allow of such a construction. Appellant
in his brief states that "while conditions of any kind are
not favored (with which we concur) conditions subse-
quent are preferred over conditions precedent, and cites
*Aldred* v. *Sylvester* (1915), 184 Ind. 542, 111 N. E. 914.
This case specifically says "that the assumed condition
in the Springer will was a subsequent one—of a class
that the law does not favor, 'because they tend to
destroy estates'.

"A condition precedent may involve the doing or not
doing of an act of a purely voluntary character on the
part of the beneficiary of the conveyance or devise, or
on the part of another person, *or it may involve the
occurrence of an event which is partially, but not*

*wholly, in the control of a person named.* (Our italics.) For instance, an estate may be limited in one's favor to commence upon his marriage, upon the marriage of another person before an age named, upon the death of one person before another, or upon the death of a person without leaving children." 1 Tiffany, Real Property (2nd Ed.) p. 262. A contingent remainder becomes a vested remainder so soon as the condition precedent is satisfied, or the person or persons to take ascertained.

It is admitted by the parties that the will created a life estate in the testator's widow, and hence it is for this court to decide the nature of the estate, if any, created in appellant. The language in item 5 of the will does not create a direct and positive gift to appellant. The condition itself preceeds and is incorporated in the language of the gift as a part thereof. By so doing the gift itself is contingent on the condition incorporated therein, and hence, in law, the estate which it created in appellant is a contingent remainder. *Bowen* v. *Hackney* (1904), 136 N. C. 187, 48 S. E. 633, 67 L. R. A. 440; *Hill* v. *Hill* (1911), 90 Neb. 43, 132 N. E. 738; *In re Paulson* (1906), 127 Wis. 612, 107 N. W. 484. The conditions by which appellant was to acquire the property did not follow the gift, but were incorporated in the very substance of the gift itself. The conditions are the very terms on which appellant was to acquire his title to the land in controversy, and unless the conditions were performed there was no gift. The conditions were conditions of acquisition of title by the appellant, and not of retention of title as contended by appellant. When the condition is one of acquisition and not of retention it is. always a condition precedent. *Richards* v. *Richards* (1922), 303 Ill. 306, 136 N. E. 417, 418.

Quoting further from Vol. 1, Tiffany Real Property, Sec. 142, the author says, "Several estates in fee simple,

or of a lesser quantum, may, at common law, be limited in the alternative by way of contingent remainder after one particular estate, in such a way that one may take effect if another does not. Such remainders are sometimes known as 'remainders on a contingency with a double aspect'," citing Fearne, Contingent Remainders, 373; *Luddington* v. *Kime,* 1 Salk. 224, . . . *Smith* v. *Chester,* 272 Ill. 428, 112 N. E. 325; *Lewis* v. *Payne,* 113 Md. 127, 77 Atl. 321, 30 L. R. A. (N. S.) 908; *Den d. Michean* v. *Crawford,* 8 N. J. Law 109; . . . *Taylor* v. *Taylor,* 63 Pa. St. 481; *McCreary* v. *Coggeshall,* 74 S. Car. 42, 7 L. R. A. (N. S.) 433, 7 A. & E. Ann. Cas. 693, 53 S. E. 978; *Beatson* v. *Bowers* (1910), 174 Ind. 601, 91 N. E. 922; *Walker* v. *Lewis,* 90 Va. 578, 19 S. E. 258."

In *Adams* v. *Merrill* (1909), 45 Ind. App. 315, 85 N. E. 114, this court, speaking through Myers, J., quoted from 2 Washburn, Real Property (5th Ed.) p. 625 and said, "Notwithstanding a remainder limited after a remainder in fee would be void, as has been often repeated, yet two remainders may be so limited, though each a fee, as to be good, provided this is so done that only one is to take effect, the one being a substitute for, and not subsequent to, the other. The consequence is, that, if the first takes effect and becomes vested, the other at once becomes void. Such limitation is said to be a fee with a double aspect," and cites *Luddington* v. *Kime, supra.*

Subject to the life estate of testator's wife, and to the contingent remainder of appellant, the limitation over to the charities took effect as either a gift of proceeds, by virtue of the conversion of the real estate into personalty, by the doctrine of equitable conversion, *Comer* v. *Light* (1910), 175 Ind. 367, 93 N. E. 660, 94 N. E. 325; *Walling* v. *Scott* (1911), 50 Ind. App. 23, 96 N. E. 481, 97 N. E. 388; *Nelson* v.

*Nelson* (1905), 36 Ind. App. 331, 75 N. E. 679; *Simons* v. *Harris* (1883), 92 Ind. 505; 6 R. C. L. Sec. 1, p. 1065, sec. 2, p. 1066, sec. 3, p. 1067, sec. 9, p. 1074, sec. 10, p. 1075, sec. 13, p. 1079, sec. 20, p. 1087, or an estate in the nature of an alternative contingent remainder. Tiedeman, Real Property, sec. 415; *Adams* v. *Merrill, supra; Beatson* v. *Bowers, supra; Smith* v. *Chester, supra; Den* v. *Crawford, supra.*

Thus it follows that the fee simple title was held in abeyance notwithstanding the fact that such holding in abeyance is said to be odious by the courts. There are times when this must be done and the language here used makes it imperative.

The judgment of the Grant Circuit Court is hereby in all things affirmed and it is so ordered.