No. 9059.

CLIFFORD ET AL. *v.* FARMER ET AL.

WILL.—*Devise.—Descent.—Remainder-Man.—Heirs.*—Real estate was devised to the wife of the testator for life, remainder in fee to his children. The wife and children, after his death, united in a joint sale and conveyance of the land to a purchaser, notes and mortgage for the purchase-money being taken in the name of the wife, and finally invested in other lands, title to which was taken in her name.

*Held,* that upon her death these latter lands went, in equity, to the remainder-men under the will of her husband, and not to her heirs at law, precisely as the estate devised would have gone if it had not been conveyed.

*Held,* also, that other real estate, purchased by the widow with means derived from the annual profits of the real estate devised, and from the revenue of the avails thereof, descended, on her death, to her heirs at law.

From the Gibson Circuit Court.

*W. M. Land, J. E. McCullough* and *L. C. Embree*, for appellants.

*C. Denby, D. B. Kumler* and *R. M. J. Miller*, for appellees.

MORRIS, C.—This was a suit for the partition of certain real estate situate in Gibson county.

The complaint states that on or about the 16th day of June,

1879, Louvicey Farmer died intestate at said county, seized in fee of the following real estate, situate in Gibson county, Indiana, to wit: The south half of the southwest quarter of section 17, township 3 south, of range 11 west; also, of the north half of the northwest quarter of section 20 in said township and range, except fifteen and eighty-five hundredths acres off of the south side thereof; also, of lot No. 28, and the undivided half of lot No. 16, and the fraction of land between lots Nos. 28 and 16, all in the town of Francisco, leaving the plaintiffs Cornelius J. E. Clifford, Ambrose C. Clifford, William M. Clifford, Parthena T. Kell (late Clifford), wife of James Kell, and the defendants, Ezekiel Farmer, Washington W. Farmer, Estelle F. Taylor (late Farmer), wife of John J. Taylor, and Cornelia P. Davis, wife of John Davis, her only children, and the plaintiffs Mary Bocock, Lawrence W. Collins, Isadora N. Collins, Arabel M. Collins and Roselle T. Collins, grandchildren, being the heirs of Berella E. Collins, deceased, daughter of said Louvicey Farmer; that, by the death of said Louvicey Farmer, each of her said heirs became seized in fee of an estate in said lands and lots as tenants in common, as follows: Each of said plaintiffs Cornelius J. E. Clifford, Ambrose C. Clifford, William M. Clifford and Parthena T. Kell, and the defendants Ezekiel S. Farmer, Washington W. Farmer, Estelle F. Taylor and Cornelia P. Davis, of one ninth of said real estate; and each of said plaintiffs Mary C. Bocock, Lawrence W. Collins, Isadora N. Collins, Arabel M. Collins and Roselle T. Collins, of one undivided one forty-fifth part of said land. The prayer is that partition of said real estate may be made.

The appellees appeared and answered the complaint in two paragraphs, the first being the general denial.

The second paragraph of the answer states that the appellees Ezekiel, Washington W., Estelle F. and Cornelia P. are the children of one Fleming Farmer, who was, during his lifetime, the husband of said Louvicey Farmer; that, on the 20th day of February, 1866, the said Fleming Farmer, by his

last will, a copy of which is filed with and made part of this paragraph, devised to the said Louvicey all of the real estate of which he should die seized and all his personal estate, except $505, for her sole use and benefit during her natural life, and that he devised the remainder of his estate, real and personal, after the death of said Louvicey, to the appellees, Ezekiel, Washington W., Estelle F. and Cornelia P.; that the said Fleming Farmer died on the 3d day of June, 1867; that his said will had been duly probated, and that the said Louvicey had elected to take under the same, and did, under the same, take possession of the estate thereby devised to her, and held and enjoyed it during her life, except the west half of the northeast quarter, and the east half of the northwest quarter of section 16, township 2 south, of range 10 west, in Gibson county, Indiana, containing one hundred and sixty acres; that the said Louvicey, together with the appellees, Ezekiel, Washington W., Estelle F. and Cornelia P., sold and conveyed the real estate above described to one John Ramsey, on the 20th day of November, 1869, for the sum of $8,000, and that Ramsey paid Louvicey $2,000 cash, and for the residue executed to her his promissory notes secured by mortgage on said real estate; that afterward said Ramsey sold said real estate to John Kell, who, in part payment of the purchase-money, assumed the payment of the notes given by Ramsey to said Louvicey for said land sold and conveyed by her and said appellees to him; that afterward, by an arrangement made by the said Louvicey with said Kell, she accepted the notes of Robert and James Brumfield in lieu of the notes of said Ramsey, which notes, so accepted, were secured by a mortgage on the land described in the complaint, except said town lots; that said Brumfields, being unable to pay said notes so given to said Louvicey, to save the cost of foreclosure conveyed said real estate to said Louvicey in payment of said notes; that the lots mentioned in the complaint as situate in the town of Francisco were purchased by the said Louvicey with the personal estate devised to her by the said Fleming Farmer for

and during her life ; that the said Louvicey had no other title to said real estate than that above set out, and that she held the same in trust for the appellees, children of the said Fleming Farmer.

After making bequests to the amount of $505, Fleming Farmer disposes of his estate as follows :

" Third. All the rest, residue and remainder of all my estate, both real and personal, I give, devise and bequeath to my beloved wife, Louvicey Farmer, for her sole use and benefit during her natural life, and at her death the same shall be equally divided between my children, Ezekiel Farmer, Estelle F. Farmer, Washington W. Farmer, and Cornelia P. Farmer ; and if any of these children shall die, leaving a child or children, before the death of my said wife, then such child or children are to have all that part of the property left to my wife which would go to the deceased if still living. And the further privilege is accorded to my wife, if she should choose so to do, to divide all of said property, or such part as she may choose, between the said children during her lifetime."

The appellees, Ezekiel S. Farmer, Washington W. Farmer, Estelle F. Taylor and Cornelia P. Davis, also file a cross complaint, setting forth, substantially, the same facts alleged in the second paragraph of their answer, and insisting that they are the owners of the real estate described in the complaint, and that the appellants have no interest in the same.

The appellants demurred to the second paragraph of the answer, and to the cross complaint. The court overruled said demurrers. The appellants replied to the answer by a general denial, and answered the cross complaint also by a denial.

The cause was submitted to a jury for trial ; a verdict returned for the appellees. The appellants moved for a new trial. The motion was overruled.

The errors assigned are, that the court erred in overruling the demurrer to the second paragraph of the answer, and in overruling the demurrer to the cross complaint, and, also, in overruling the motion for a new trial.

Fleming Farmer devised all his real estate to his wife, Louvicey Farmer, for life, and the remainder to his children, the appellees. The second paragraph of the answer states that a part of this land was sold by the joint act of the parties in interest, for the sum of $8,000, $2,000 of which was paid to the tenant for life, and the balance secured by the notes of the purchaser and a mortgage on the land sold, executed to Louvicey Farmer. The land described in the complaint, other than the lots in the town of Francisco, was conveyed to Louvicey Farmer, the tenant for life, in satisfaction of said notes and mortgage. There was no estimate made of the value of the life-estate in the land sold nor of the interests of those in remainder. The sale was not of the separate interest of each of the grantors; it was a joint sale, and the conveyance of the interests of all by the joint act of all, transferring the life-estate and the estates in remainder to the grantee. There is, therefore, no pretence for saying, as the appellants do, that it was a sale of the life-estate only of Louvicey Farmer, and that the purchase-money belonged to her. But the sale so made did not operate as a division and partition among the parties in interest of the fund produced by the sale. The fund will, in equity, be regarded as real estate, and stand for the land, the sale of which produced it. *Large's Appeal,* 54 Pa. St. 383.

The simple fact that the cash payment was made to the tenant for life, and the securities for the balance taken in her name, will not justify the inference that the remainder-men intended to give their interests in the land sold to the tenant for life. The proceeds of the sale will be regarded as the land itself, and as she was entitled to the possession of the land sold for life, so she would be entitled to the possession and use of the proceeds for life. It was proper, therefore, that the cash should be paid to her and the securities taken in her name.

Louvicey Farmer, as tenant for life, was entitled to the use of this fund as long as she lived, and as she had the legal title, by the will of her husband, to the land, the sale of which produced

the fund, for her life, and the right to its possession, so she had the right to the possession of the fund during her life. But, while this was so, she became, under the circumstances, the trustee of those in remainder, and was bound as such to use the fund so as neither to endanger nor impair their rights. She was entitled to the legitimate and proper use of the fund, but she had no right to use it for the purpose of speculation. She could, of course, do as she pleased with the interest and income of the fund, but not with the fund itself.

No principle of equity is better settled than that where land is devised to a trustee for the use of one for life with remainder to another, it is the duty of the trustee to protect the rights of those in remainder as well as the interests of the tenant for life, and that, too, where the tenant for life is entitled to possession. It would seem logically to follow, that where equity impresses a trust upon the tenant for life in relation to the remainder-man's interest, he can not lawfully do anything with the fund which may endanger or tend to impair it.

If, then, as is alleged in the answer, the fund produced by the sale of the land devised by Fleming Farmer to Mrs. Farmer for life, with remainder to the appellees, was by her invested in the real estate in controversy, to whom, in equity, did the real estate belong? The fund itself, not the use of the fund, is in the land. Mrs. Farmer did not, in equity, own the fund; its use for her life alone belonged to her. There is no question of identity in the case. The answer avers, and the demurrer admits, that the land in controversy was purchased with the precise securities taken for the sale of the land devised by Fleming Farmer to Louvicey Farmer for life with remainder to the appellees. Had this fund been kept intact by the tenant for life, it would at her death have vested equitably in the appellees, the tenants in remainder. It would seem to follow, that, upon the death of Mrs. Farmer, the land purchased with this fund, representing and standing for it and for the land which produced it, vested, equitably, in

the children of Fleming Farmer. Tiffany and Bullard, in their work on the law of Trusts and Trustees, p. 619, say:

"Where the tenant for life takes both the legal and equitable estate, the right of possession usually follows the title. But the *tenant for life,* in such case, is trustee for the remainder-men, and may be called to an account," etc., and may be required in a proper case to give security for its safety.

Regarding the fund produced by the sale of the land devised by Fleming Farmer to his wife for life, with remainder to his children, as money, she became trustee for the appellees, and, having invested the trust fund in the land in controversy, the appellees may assert the same equitable right to the land which they could have asserted to the fund, had it not been invested. *Cook* v. *Tullis,* 18 Wall. 332; *Horry* v. *Glover,* 2 Hill Ch. 515.

It may be said, as it has been in one or two cases, that if the remainder-man can take the land purchased with the fund, he may receive a part of the benefit resulting from the use of the fund, by the tenant for life, to which he can have no right. To this it may be satisfactorily answered, that, where the tenant for life voluntarily makes such an investment, he ought not to be heard to say that the income of the land is more or less than the income of the fund. If more, he can not complain; if less, he should not. By making the investment she may reasonably be presumed to have agreed to accept the income of the land in lieu of the profits of the trust fund.

Upon the facts stated in the answer and in the cross complaint, we think the land in controversy may be regarded as substituted for the land devised by Fleming Farmer to his wife for life, with remainder to the appellees. In the case of *Rapp* v. *Matthias,* 35 Ind. 332, one Starris, a citizen of Stark county, Ohio, devised all his estate, real and personal, to his wife for life, with power to sell, giving what might remain unconsumed at his wife's death, to his children. His executor sold his real estate, and with the proceeds purchased land in this State, in the name of the wife. Mrs. Starris, the

tenant for life, undertook to dispose of the land so purchased by will.    Her executor, in accordance with the will, applied to the court for an order to sell the real estate so held by Mrs. Starris at her death.    The parties to whom Starris had given his real estate, after the death of Mrs. Starris, appeared to the petition.    The court held that Mrs. Starris could not devise the land—that it came to others by the will of Jacob Starris, and was to be regarded as substituted for the land devised by him to his wife for life.

We think there was no error in overruling the demurrer to the second paragraph of the answer, nor in overruling the demurrer to the cross complaint.    This disposes of all the questions raised, except that the verdict is not sustained by sufficient evidence.

The appellants insist that there was no evidence tending to show that Louvicey Farmer used any of the trust funds in purchasing the lots described in the complaint as situate in the town of Francisco.    And in this we think the appellants were right.    We have looked through the testimony carefully, and think that, fairly construed, it does not legally tend to show that the appellees had any interest in said lots, except what they inherited from Louvicey Farmer.    True, one witness testified that Mrs. Farmer had nothing when she married Fleming Farmer.    Another testified that she had nothing at his death, and another testified that she had no stock on the Brumfield farm ; lived part of the time with her children, and lived well.    But all the testimony showed that she was in the receipt of the income of a considerable estate from the death of her husband, in 1867 ; that Brumfield paid her interest to the amount of $1,600 on the debt with which the farm in controversy was purchased, and that she had the income of nearly $5,000, the residue of the personal estate of her deceased husband.    The statements of the witnesses, as to her want of means at the time of her marriage and at the time of her husband's death, do not tend to prove her pecuniary condition in 1873, when the lots in Francisco were conveyed to her.    Nor

did the statements of the witness Brumfield, as to her manner of living. The lots seem to have been purchased for $750, a sum which she could easily have accumulated from her income, and lived well. We do not think that the testimony, fairly construed, legally tended to show that she did not purchase these lots with her own means. The court below should have granted a new trial.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellees.