## KOUNSE *v.* DRONBERGER ET AL.

[No. 14,281. Filed March 9, 1932.]

*Thomas P. Gallagher* and *Thomas F. O'Mara,* for appellant.

*C. A. Royse,* for appellees.

WOOD, P. J.—This is an action brought by appellant, daughter and only child of one Mary I. Williams, against appellees, for the construction of the last will and testament of her mother and to quiet title to certain real estate owned by the testatrix at the time of her death.

The essential allegations of the complaint necessary for a determination of this case are as follows: On February 24, 1906, Mary I. Williams executed her last will and testament. Item one, on which the whole controversy depends, is as follows: "First, I give, devise and bequeath all my property, real and personal and wherever the same may be situated, to my brother John Weisser of Vigo County, Indiana, during the period of his natural life and after his death Ten Dollars ($10.00) to be paid to my daughter Anita A. Williams and the balance thereof to the children of Nelson and Louisa Sutliffe equally." It is further alleged that, at the time of making the last will, testatrix and her brother John Weisser owned only a joint life estate in the real estate in question; that, on September 20, 1911, testatrix became the owner by conveyance of a portion of the fee-simple title thereto; that her brother John Weisser died intestate on October 7, 1913; that thereafter all his heirs conveyed their interest in said real estate to testatrix, thereby vesting in her the entire fee simple to the same; that said testatrix died on April 25, 1929, in Vigo County, Indiana, leaving said will in full force and effect; that it was duly admitted to probate in said county and state; that the children of the Sutliffes were not in any way related to the testatrix. The complaint closes with a prayer that the court construe the

will to declare appellant the owner of the real estate in fee simple and quieting her title thereto as against appellees.

To this complaint, appellees filed separate demurrers for want of facts. These demurrers were sustained. Appellant elected to stand upon the ruling of the court on the demurrers, and judgment was rendered against her. She appeals, assigning this ruling as error.

It is the contention of counsel for appellant that the will does not purport to dispose of the fee-simple title to any real estate; that the words "balance thereof" as used in the will cannot be construed to operate as a general residuary clause including real estate; that the testatrix could not have intended the expression to refer to real estate, because, at the time the will was executed, she did not own the fee to any real estate; that the presumption that the testatrix did not intend to die intestate as to any portion of her estate is overcome by the presumption that, where one construction of an ambiguous will leads to disinheritance of an heir and another favorable to an heir, the latter will be adopted, and the presumption that, in case of doubt, that construction will be adopted which would give the property to those entitled to it under the law, if there was no will.

The rules which control in the construction and interpretation of wills have been announced and set forth so many times by our Supreme Court and this court that we do not deem it necessary to state them or to collect and cite authorities in support thereof.

We are confronted with the presumption that the testatrix did not intend to die intestate as to any of her estate, otherwise she would not have taken the precaution to make a will. The language used in the will lends support to this presumption; it is all-inclusive and comprehensive. The testatrix, for the purpose of giving effect and expression to her wish and

desire, selected these words, "I give, devise and bequeath all my property, real and personal and wherever the same may be situated," to her brother a life estate, thus leaving a remainder in her property, not designated as real estate or personal property, but as "all my property real and personal and wherever the same may be situated," to be disposed of. It is manifest from the language used in the will that, after the death of the life tenant, it was the intention of the testatrix to give to her daughter the sum of $10 out of the remainder of her estate, and the residue thereof to the children of the Sutliffes. This intention must be given effect unless the language used forces us to adopt a construction which defeats it. We do not think the language is susceptible of any such interpretation. After having disposed of the life estate in the manner above set out, testatrix, in the same item of her will, disposes of the remainder of her estate in these words, "and at his death $10 to be paid to my daughter Anita A. Williams and the balance thereof to the children," etc., which language must be read in connection with the language used in the first part of the same item, and, when thus read, has the effect of vesting the title to the residue of the estate in the Sutliffe children. The word "balance" was incorrectly used, but, when construed in connection with all the other language in the item of the will, it means "the remainder, the rest." Webster's Dictionary. The word "balance," when used in a will in designating the remainder of an estate, has been held to include both real and personal property. *Arvin* v. *Smith, Exr.,* (1925), 142 Va. 680, 128 S. E. 252; 40 Cyc. p. 1563. So, it necessarily follows that, with the exception of the $10 gift to her daughter, the testatrix gave the remainder of "all (her) property, real and personal and wherever the same (was) situated," to the appellees Dronberger and Sutliffe.

The language used by the testatrix in disposing of the remainder of her estate after the termination of the life estate manifested a clear intention and had the effect of carrying to the residuary legatees the title to any after-acquired real estate. *Cate* v. *Craner* (1868), 30 Ind. 292; *Sturgis* v. *Work* (1890), 122 Ind. 134, 22 N. E. 996, 17 Am. St. 349; *Hardenbergh* v. *Ray* (1894), 151 U. S. 112, 14 Sup. Ct. 305, 38 L. Ed. 93; 28 R. C. L. §204, p. 240; 2 Tiffany, Real Property p. 1807.

Finding no error, the judgment is affirmed.