IN THE MATTER OF THE TRUST UNDER WILL OF DUVALL, ETC., ET AL. PEOPLES NATIONAL BANK OF WASHINGTON, EXECUTOR AND TRUSTEE OF ESTATE OF DUVALL ETC *v.* FLETCHER TRUST COMPANY, ETC., ET AL.

[No. 18,641. Filed October 21, 1955.]

*James E. Rocap, John T. Rocap,* and *Rocap, Rocap, Reese & Robb,* of Indianapolis, for appellant.

*Donald S. Morris,* of Indianapolis, for appellee, Fletcher Trust Company, Successor Trustee.

*Francis M. Hughes* and *Barney & Hughes,* of Indianapolis, for appellees, Trustees of Ohio Wesleyan University.

*Russell J. Ryan, Jr.* and *Thompson, O'Neal & Smith,* of Indianapolis, for appellees, Gertrude Hopping Haig, Nell Hopping Modrall and Margery K. Griggs, Executrix of the Estate of Carrie A. Krutz, deceased.

BOWEN, J.—This is an appeal from a judgment of the Probate Court of Marion County entered in a cause involving amended objections filed by the appellant to the final accouting of the appellee, Fletcher Trust Company, Successor Trustee of the trust under the last will and testament of Sophronia A. Duvall, deceased. The appellant is the executor and trustee of the estate of Gertrude Duvall, deceased, a child of Sophronia A. Duvall and one of the legatees under her will.

The final accounting of the Successor Trustee to which appellant's objections were addressed was approved by the court below and the court ordered distribution of the trust estate in the manner proposed in such trustee's

accounting, after a trial of the issues formed on appellee trustee's accounting and the objections filed thereto.

Error assigned for reversal is the overruling of appellant's motion for a new trial, the grounds of which motion were that the decision of the court is contrary to law and is not sustained by sufficient evidence.

The evidence in this case is undisputed and consists of an agreed stipulation of facts. The material facts are as follows:

Sophronia A. Duvall died testate in 1893 leaving her last will and testament which was duly admitted to probate in the Circuit Court of Marion County, Indiana. The provisions of her will which are germane to the issues involved in this appeal are the provisions thereof by which she devised and bequeathed the use, rents and profits of certain real estate in Marion County, Indiana, and personal property and furniture, "which I may own at the time of my decease, to my said two daughters, Gertrude and Grace, until such a time as they shall become married. If either of my said two daughters should marry and the other remain single, then the use, rents and profits of my said described property shall then belong to the one remaining single, and other shall receive in lieu of the use, rents and profits of one-half of my said property the sum of fifty ($50.00) dollars. Should both of my said two daughters marry or should they both die before marrying, then in either of such events it is my wish and desire, and I so direct that my property shall be sold and the proceeds of such sale be divided equally among all my said children. In the event that any of my other children be dead, leaving issue, at the time when my said two daughters shall be married or shall have died, then I direct that the shares of such as shall have died, shall be divided equally among their children, share and share alike."

The decedent left six children surviving her, to-wit: Charles E. Duvall, Trumbull G. Duvall, Ella C. Hopping, Carrie A. Krutz, Gertrude Duvall and Grace Duvall. The executor of her estate paid to Gertrude Duvall and Grace Duvall in equal shares the net income from the real and personal property of the decedent until 1905 when Grace Duvall married Oliver W. Jordan, and thereupon the executor paid to Grace Duvall the sum of $50.00 as provided in the will of the decedent, and thereafter the entire net income was paid to Gertrude Duvall until the settlement of the estate. In 1909 a decree was entered upon the complaint of the six children against the executor, construing the will of Sophronia A. Duvall, and no appeal was taken therefrom. After the decree construing the will of Sophronia A. Duvall the estate was finally settled, and upon such settlement the net proceeds of the sale of the real estate, together with such personal property as then remained in the hands of the executor, were paid over, assigned and delivered to the Marion Trust Company, Trustee, the appellee Fletcher Trust Company being the Successor Trustee thereto. Also, in 1909, upon petition, a decree was entered directing the trustee to pay Charles E. Duvall the sum of $4,548.66 in full for his alleged one-sixth interest in the trust estate. The net income from the trust estate was paid by the Marion Trust Company, Trustee, and the Fletcher Trust Company, Successor Trustee, to Gertrude Duvall until her death on January 28, 1950, the total amount paid to her being $34,725.60. The said Gertrude Duvall never married prior to her death. Grace Duvall Jordan died testate and unmarried in 1930 in the state of Washington, and Gertrude Duvall was appointed and qualified as the executrix of the estate of Grace Duvall Jordan, and in 1931 filed her final report and accounting which was

approved in 1932 and Gertrude Duvall was discharged as executrix. Ella C. Hopping, daughter of Sophronia A. Duvall, died intestate and unmarried in November 1947, leaving surviving as her sole heirs at law Gertrude Hopping Haig and Nell Hopping Modrall, her children, appellees herein. Gertrude Duvall died testate and unmarried in 1950, leaving a last will and testament naming the Peoples National Bank of Washington, appellant herein, as her executor and trustee. Trumbull G. Duvall, son of decedent, died unmarried, leaving no issue surviving him, and during his lifetime he assigned all of his right, claim, title and interest in the trust estate to the appellee herein, the Trustees of Ohio Wesleyan University, Delaware, Ohio. Carrie A. Krutz, daughter of decedent, died testate leaving a last will and testament which was duly probated, leaving her daughter, Margery K. Griggs, appellee herein, as executrix of her will.

Grace Duvall Jordan, by her will, left her estate to her sister, Gertrude Duvall, and Gertrude Duvall, by her last will and testament, left the interest which she acquired from her sister, Grace Duvall Jordan, and her own estate, in trust to the appellant, Peoples National Bank of Washington, to provide for one Georgia McLeod who had cared for her, with remainder over to certain nephews.

The material portions of the decree of the Marion Probate Court in 1909 construing the last will of Sophronia A. Duvall are:

"That the petitioners Gertrude Duvall, Ella C. Hopping, Carrie Duvall Krutz, Grace Duvall Jordan, Trumbull G. Duvall and Charles E. Duvall, each own an undivided one-sixth interest in and to the following described real estate, to-wit: (real estate described); subject to the rents and profits thereof, bequeathed under the terms of

said will to Gertrude and Grace Duvall to be used by them for their support and maintenance during the time they should remain single or in the absence of marriage until their death.

"And the Court further finds that said Grace Duvall is married and has received the sum of Fifty ($50.00) Dollars in lieu of her interest in the rents and profits of said one-half of said property and that Gertrude Duvall is entitled to the rents and profits of said estate as long as she remains unmarried, or in the absence of her marriage until her death.

"The Court further finds that the estate of Sophronia A. Duvall is in a condition for final settlement and that no reason exists for keeping open the estate; that it will be to the benefit and advantage of Gertrude Duvall that the above described real estate should be sold for the sum of Twenty-one Thousand Five Hundred ($21,500.00) Dollars and that the proceeds arising from said sale, after deducting commissions and expenses of sale and costs, should be placed in the hands of a trustee to loan and manage and pay the income thereto to Gertrude Duvall, one of said petitioners, until her marriage or decease.

"And it is by the Court considered and adjudged that the parties to this action shall take only such rights, title and interests, and have and exercise only such duties and powers by virtue of said provision of said will, share by this decree determined and defined. And that William H. Roll, Executor, defendant, after making a final settlement of said estate shall be discharged as executor and the court now appoints The Marion Trust Company, Trustee to take charge of the funds derived from the sale of said land and of the funds now in the hands of said Executor and invest the same for the benefit of and pay the income to Gertrude Duvall so long as she lives and remains unmarried and upon her death or marriage said Trustee shall distribute said Trust funds to these petitioners Gertrude Duvall, Ella C. Hopping, Carrie Duvall Krutz, Grace Duvall Jordan, Trumbull G. Duvall and Charles E. Duvall, in equal proportions; and to the heirs of such as may be dead."

Upon the foregoing facts the appellant contends that by virtue of the judgment construing the will of Sophronia A. Duvall, each of her children took a fee simple interest in her estate; that Charles Duvall had already received his interest in full; and that Gertrude Duvall, appellant's decedent, died the owner in fee simple of two-fifths of the trust estate, she having acquired a one-fifth interest from her sister, Grace Duvall Jordan, when the latter died testate.

The appellees on the other hand contend, and the lower court in this cause so held, that the interest of Gertrude Duvall in the trust terminated upon her death in 1950.

It appears that appellant's position in this appeal is based mainly upon the effect of the judgment of the Probate Court of Marion County in 1909 construing the will of Sophronia A. Duvall, deceased, and more specifically the language of such decree which states that the six children of said decedent each own an undivided one-sixth interest in and to the real estate in question. The appellees, on the other hand, point out what must be recognized as an ambiguity in this particular judgment and decree in that in the latter portion of such decree the court specifically construes the will to require that the trustee take charge of the funds derived from the sale of the real estate and "invest the same for the benefit of and pay the income to Gertrude Duvall so long as she lives and remains unmarried and upon her death or marriage said Trustee shall distribute said Trust Fund to these petitioners, Gertrude Duvall, Ella C. Hopping, Carrie Duvall Krutz, Grace Duvall Jordan, Trumbull G. Duvall and Charles E. Duvall, in equal proportions; *and to the heirs of such as may be dead.*" (Our emphasis.)

It would appear from the briefs of the parties that

the appellant insists in the main that the decree construing the will is controlling on the issues raised in the appeal, while the appellees insist that by reason of the ambiguity in such decree that we must look to the will of the decedent in determining whether or not the judgment of the lower court in the instant case should be reversed. The latter portion of this decree, in effect, determines that the trust in question terminates upon the death or marriage of Gertrude Duvall, and it states that upon the happening of the death or marriage of Gertrude Duvall that the funds should be distributed to the six children in equal proportions and to the heirs of such as may be dead. This latter provision of the decree, which is a recognition of the express intention of the testator in her will, is in conflict with the portion of the decree which sets forth that the six children were the owners in fee simple of an undivided one-sixth interest in such estate.

Appellant cites the case of *Allen et al.* v. *Craft et al.* (1887), 109 Ind. 476, 9 N. E. 919, in support of its contention that the subsequent words of the decree which tend to modify the portion of the decree with reference to the heirs holding an interest in fee simple are ineffective. The court in this case states:

"We have no doubt that a clause creating an estate in fee may be so modified by other clauses as to cut down the estate to one for life, but to have this effect the modifying clauses must be as clear and decisive as that which creates the estate." (Citing cases.)

This is a proper statement of the rule which exists with reference to the construction of wills, but it must be borne in mind that in the foregoing cases and in other cases involving the application of this rule, that the court was dealing with language employed by the tes-

tator. In the instant case we are faced with the problem of the interpretation of the legal effect of a decree of court construing a will which decree contains an ambiguity that arises from the consideration of two separate and specific clauses. Therefore, it becomes necessary for this court, in passing upon the issues raised in this appeal, to consider such decree in the light of the will of the decedent, Sophronia A. Duvall.

It is often stated that nothing is better settled than that the intention of the testator, if not contrary to law, is the polar star and guide in the construction and interpretation of wills; and it has likewise been said that in determining the intention of the testator, courts must not make a will for him in construing that which he has made, nor do courts possess any arbitrary discretion in suggesting what other words testator had in mind or what he intended when he has used words in law which can mean nothing else other than the plain grammatical meaning; and in construing wills the intention of the testator, as nearly as it can be ascertained from the four corners of the instrument, should govern. *Millett et al.* v. *Ford* (1887), 109 Ind. 159, 8 N. E. 917; *Summit* v. *Yount et al.* (1887), 109 Ind. 506, 9 N. E. 582; *Garrison* v. *Day* (1905), 36 Ind. App. 543, 76 N. E. 188; *St. Mary's Hospital of Evansville* v. *Long* (1938), 215 Ind. 1, 17 N. E. 2d 833.

We feel there is a slight distinction between the interpretation of the legal effect of words used in a decree and the construction of the intention of the testator from the words expressed in his will, and so, in the instant case, the will must be taken into account, when an ambiguous decree is imprinted upon the will. The intention of the testator, where the decree contains an ambiguity, must be considered in

the light of the will and the decree construing it. It is apparent in the instant case that the court in its decree construing the intention of the testator for the distribution of her estate upon the death of Gertrude Duvall, by the latter clause of the decree carried out the intention of the testator. The will contains the following language:

"Should both of my said two daughters marry or should they both die before marrying, then in either of such events it is my wish and desire, and I so direct that my property shall be sold and the proceeds of such sale be divided equally among all my said children. In the event that any of my other children be dead, leaving issue, at the time when my said two daughters shall be married or shall have died, then I direct that the shares of such as shall have died, shall be divided equally among their children, share and share alike."

The language of the decree clearly shows the court's recognition of the testator's intention to make ultimate disposition of the funds to the living members of the Duvall family. Under the foregoing provisions of the will it was possible for the trust to be terminated under several circumstances which did not arise. If both the unmarried daughters, Gertrude and Grace, had married or had both of the daughters died before marrying, there would be no question regarding the disposition of the funds. What did happen in the instant case is what frequently happens in that a contingency not provided for in the will did occur, that while Grace Duvall married and died before the termination of the trust, Gertrude, and *not* both Grace and Gertrude, died before marrying. It is clear that Gertrude's interest was contingent upon her marriage and her interest failed on her death in 1950 inasmuch as she never married. On the other hand, the interest of Grace Duvall (Jordan), who died in 1930, was contingent upon her

survival upon the termination of the trust. Gertrude's death or marriage was necessary for the termination of the trust, and Grace's interest failed before such contingency occurred. If Gertrude had married, under the provisions of the will the funds would have been properly divided among all of the children except Charles, who had accepted a settlement for his interest, and Gertrude would have shared in the corpus, but this contingency did not happen.

From the latter portion of the decree in 1909, although it conflicts with other portions of the decree, the court held that the survivorship of the termination of the trust was a condition to the remainder interests created thereby, and the effect of such holding shows a recognition of an intention that the word "heirs" should be construed as meaning "children"; and, also, where the intention is clear and unequivocal as is apparent from the will of Sophronia A. Duvall, that the term "heirs" is used with the intention that they should take as children or as purchasers, the will should be so construed. *Millett et al.* v. *Ford, supra; Rapp and Others* v. *Matthias* (1871), 35 Ind. 332; *Brown et ux.* v. *Harmon et al.* (1881), 73 Ind. 412; *Clifford et al.* v. *Farmer et al.* (1881), 79 Ind. 529; *Jones* v. *Miller* (1859), 13 Ind. 337.

In construing a will, in case of ambiguity or doubt, the law favors a construction that it is the intention of the parties to take care of their own family before collaterals and strangers. *Aspy* v. *Lewis* (1899), 152 Ind. 493, 52 N. E. 756; *Crew et al.* v. *Dixon* (1891), 129 Ind. 85, 27 N. E. 728. From a consideration of the decedent's will and the latter portion of the 1909 decree the intention of Sophronia A. Duvall to have her estate distributed upon the termina-

tion of Gertrude Duvall's spinsterhood or her death to the then living members of the Duvall family is clearly apparent.

It appears to this court that the decision of the court below was sustained by sufficient evidence and was not contrary to law, and such court did not err in overruling appellant's motion for a new trial.

Judgment affirmed.

Royse, J., not participating.

NOTE.—Reported in 129 N. E. 2d 377.