ATTORNEYS FOR APPELLANT:
**GREGORY F. ZOELLER**
ATTORNEY GENERAL OF INDIANA
**EVAN W. BARTEL**
DEPUTY ATTORNEY GENERAL
Indianapolis, IN

ATTORNEY FOR APPELLEE:
**JILL D. WESCH**
WALLACE LAW FIRM
Covington, IN

_____

# IN THE
# INDIANA TAX COURT



FILED
Aug 12 2015, 1:40 pm

CLERK
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, )<br>)<br>) | |
| Appellant, ) | |
| v. ) | Cause No. 49T10-1403-TA-00006 |
| )<br>STEVEN B. McCOMBS, EXECUTOR OF )<br>THE ESTATE OF JANICE HAMBLIN, )<br>) | |
| Appellee. ) | |

_____

ON APPEAL FROM THE FOUNTAIN CIRCUIT COURT
The Honorable Susan Orr Henderson, Judge
Case No. 23C01-0901-ES-0007

**FOR PUBLICATION**
**August 12, 2015**

FISHER, Senior Judge

The Indiana Department of State Revenue, Inheritance Tax Division (Department) appeals the Fountain Circuit Court's (Probate Court) order determining that the Estate of Janice Hamblin (Estate) was entitled to a refund of inheritance tax paid. The sole issue before the Court is whether the Probate Court erred when it held that through her Will, Janice Hamblin transferred interests in life estates, as opposed to annuities, to her beneficiaries Larry Hamblin and Misty Snuffer. The Court finds that the

Probate Court did not err.

## FACTS AND PROCEDURAL HISTORY

Janice Hamblin died testate on December 14, 2008. Her Last Will and Testament, dated May 15, 2008, provides in relevant part as follows:

ITEM IV: A. TRUST FOR LARRY HAMBLIN AND MISTY SNUFFER

I give and bequeath all of the rest, residue and remainder of my personal property, wherever situate, to Kentland Bank, Kentland, Indiana, as trustee, with discretionary powers of management, investment and reinvestment in trust for the use and benefit of my husband, Larry Hamblin, for and during his natural life, as hereinafter provided: Said trustee shall have all the powers provided for a trustee under the Indiana Trust Code and shall distribute the sum of $1,250.00 per week from said trust to or for the benefit of said beneficiary for his use. Said Trustee shall further have the discretion to make distributions of the principal of said trust to or for the benefit of said beneficiary for his quarterly federal and Indiana estimated tax payments, replacement of his personal vehicle or such other purposes as it deems appropriate in its sole discretion. Said trustee shall not be required to docket said trust or make accountings therefor to any court, but shall furnish said beneficiary an annual accounting of the income and expenses of said trust. Said beneficiary shall not have the right to assign or pledge his beneficial interest in said trust to any person, firm or corporation.

Upon the death of said Larry Hamblin, said trustee shall continue to hold the assets remaining in said trust with discretionary powers of management, investment and reinvestment, in trust, for the use and benefit of my only child, Misty Snuffer, for and during her natural life, as hereinafter provided: Said Trustee shall have all the powers provided for a trustee under the Indiana Trust Code and shall distribute the sum of one thousand dollars ($1,000.00) per week from said trust to or for the benefit of said beneficiary at least monthly for her use. Said Trustee shall further have the discretion to make distributions of the principal of said trust to or for the benefit of said beneficiary for payment of her quarterly federal and Indiana income tax estimates, replacement of her personal vehicle or such other purposes as it deems appropriate in its sole discretion. Said trustee shall not be required to docket said trust or make accountings therefor to any court, but shall furnish said beneficiary an annual accounting of the income and expenses of said trust. Said beneficiary shall not have the right to assign or pledge her beneficial

2

interest in said trust to any person, firm or corporation. Upon the death of said beneficiary, the trustee shall wind up the business of said trust and distribute the balance of said trust to Kentland Bank, Kentland, Indiana, as Trustee of the Trust for Grandchildren provided in paragraph B below.

(Appellant's App. ("App.") at 29-30.)

Janice's Will was admitted to probate on January 27, 2009. The Estate filed its Indiana Inheritance Tax Return on September 14, 2009. For purposes of calculating the amount of tax owed, the Estate valued the interests transferred to Larry and Misty as annuities.[1] (Compare App. at 8 with 38-41.) On December 8, 2009, the Department notified the Estate that it owed an additional $105,000 in inheritance tax for reasons not at issue in this appeal. (See, e.g., App. at 6, 16.) The Estate paid that liability.

On December 14, 2012, the Estate filed with the Department a claim for refund in which it asserted that the interests transferred to Larry and Misty should have been valued as life estates and not as annuities. (See, e.g., App. at 16, 22-25.) The Department denied the Estate's refund claim on February 18, 2013.

On May 17, 2013, the Estate filed a "Complaint to Appeal Order Denying Refund" with the Probate Court. Both the Estate and the Department subsequently moved for summary judgment. (See App. at 4, 18-25.) The Probate Court conducted a hearing on the summary judgment motions on February 6, 2014. Six days later, on

---

[1] Other than reporting an estimated trust distribution for Larry's 2009-2018 state and federal income tax liabilities, the Estate's Inheritance Tax Return did not report a value for any discretionary interests transferred to Larry or Misty. (Compare Appellant's App. ("App.") at 8 with 39-40 (stating that "[t]he discretionary interests created by the trust could not be valued, and thus were taxed solely to the holders of the trust's residual beneficiaries").) See also, e.g., IND. CODE § 30-4-2.1-14(a)(1) (2010) (stating that "[a] discretionary interest is a mere expectancy that is neither a property interest nor an enforceable right"). Ultimately, the valuation of Larry and Misty's discretionary interests is not at issue in this case. (See, e.g., Appellant's Br. at 8, Appellant's Reply Br. at 4-12 (stating explicitly that the sole issue in this case is whether the fixed weekly payments made from the trust are properly classified as annuities or life estates).)

February 12, 2014, the Probate Court determined that the interests transferred to Larry and Misty should have been valued as life estates and therefore granted summary judgment in favor of the Estate and against the Department. (App. at 6.)

The Department appealed to this Court on March 11, 2014. The Court conducted oral argument on September 25, 2014. Additional facts will be supplied when necessary.

## STANDARD OF REVIEW

The Indiana Tax Court acts as a true appellate tribunal when it reviews an appeal of a probate court's determination concerning a claim for refund of inheritance tax. IND. CODE § 6-4.1-10-5 (2015). Because the Probate Court's determination was issued in the context of summary judgment, this Court will only consider those materials properly designated to the Probate Court to determine 1) whether there is a genuine issue as to any material fact and 2) which party is entitled to judgment as a matter of law. See Estate of Neterer v. Indiana Dep't of State Revenue, 956 N.E.2d 1214, 1217 (Ind. Tax Ct. 2011), review denied; Ind. Trial Rule 56(C).

The Court, finding that there are no material facts in dispute in this case, will limit its review to determining whether the Probate Court correctly applied the law to the undisputed facts. See Estate of Neterer, 956 N.E.2d at 1217. In so doing, the Court will review all questions of law de novo and will affirm the Probate Court's summary judgment decision if it can be sustained by any theory or basis in the record. See id. at 1217-18.

## LAW

At the time of Janice's death in 2008, Indiana imposed an inheritance tax upon

4

certain property interest transfers made by a decedent.[2]  See IND. CODE § 6-4.1-2-1 (2008) (repealed by IND. CODE § 6-4.1-1-0.5 (2013)).   Generally, the amount of inheritance tax due was based on the fair market value of the property interests transferred as of the date of the decedent's death or the date used to value the property interests for federal estate tax purposes.  See IND. CODE §§ 6-4.1-5-1, -1.5 (2008) (repealed by IND. CODE § 6-4.1-5-0.5 (2013)).  In instances where a beneficiary received less than a fee interest in the decedent's property (e.g., a future interest, a life estate, or an annuity), the fair market value of the interest transferred was to be determined using the IRS's actuarial tables.  See IND. CODE § 6-4.1-6-1(a) (2008) (repealed by IND. CODE § 6-4.1-6-0.5 (2013)).  See also generally Treas. Reg. § 20.2031-7A(d) (2009).  The actuarial table at issue in this case provides certain numerical factors that are to be applied when valuing annuities and other numerical factors that are to be applied when valuing life estates.  See Treas. Reg. § 20.2031-7A(d)(6) (Table A).[3]

**DISCUSSION**

On appeal, the Department asserts that the Probate Court erred in determining that Janice transferred interests in life estates to Larry and Misty.  To support its position, the Department explains that the term "annuity" is defined as a fixed sum, payable at specified intervals, over a certain period of time.  (See Appellant's Br. at 9-10 (citing Treas. Reg. § 1.7520-3(b)(i)(A) (2009); St. Mary's Hosp. of Evansville v. Long, 117 N.E.2d 833, 835 (Ind. 1938); BLACK'S LAW DICTIONARY 105 (9th ed. 2009)).)  In

---

[2]  The inheritance tax was not a tax on the property of the decedent's estate, but rather a tax on the privilege of succeeding to the property rights of the decedent.  In re Estate of McNicholas, 580 N.E.2d 978, 980-81 (Ind. Ct. App. 1991), trans. denied.

[3]  Neither the Estate nor the Department dispute that that IRS's actuarial table applies; rather, their dispute turns on which column of factors in that actuarial table applies to the interests transferred.  (See, e.g., Appellant's Br. at 9; Appellee's Br. at 8; Appellant's Reply Br. at 4.)

5

contrast, a "life estate" is defined as "'the right of a person for his or her life . . . to receive the income of certain property or to use nonincome-producing property.'" (Appellant's Br. at 11 (quoting Treas. Reg. § 20.2031-7A(d)(3)).) Based on these definitions, the Department maintains that Janice's Will clearly created a trust for the purpose of transferring annuity interests to Larry and Misty. Indeed, it contends that (1) the Will provided that Larry and Misty were to receive the fixed sums of $1,250 and $1,000, respectively, each week, for the duration of their lives and (2) those fixed sums were payable from the trust's principal and not from trust income. (Appellant's Br. at 10.)

The interpretation, construction, or legal effect of Janice's Will is a question of law. See Carlson v. Sweeney, Dabagia, Donoghue, Thorne, Janes & Pagos, 895 N.E.2d 1191, 1197 (Ind. 2008). In construing her Will, the Court's primary focus is to determine and give effect to Janice's intent. See id. Her intent will be revealed by looking within the four corners of the Will and the language used therein. See id. Moreover, the Will must be read as a whole, not piecemeal, and effect must be given to every provision, clause, term, or word used within the document, if possible. See id.

In examining the Will, the Court finds that the presence of certain other language indicates that Janice actually intended to convey to Larry and Misty interests in life estates, not annuities. For instance, her Will provides that the personal property held in the trust is "for the use and benefit of my husband, Larry Hamblin, for and during his natural life" and then "[u]pon [his] death . . . for the use and benefit of my only child, Misty Snuffer, for and during her natural life[.]" (App. at 29-30 (emphases added).) This type of language is often used to convey an interest in a life estate. See, e.g., Gladden

6

v. Jolly, 655 N.E.2d 590, 592 (Ind. Ct. App. 1995) (explaining that a devise in a will "for or during the devisee's lifetime, or for as long as the devisee shall live, or until the devisee's death, or such similar phrase, creates a life estate in the devisee, unless other provisions show another intent").

Second, Janice's Will instructs the trustee to "manage, invest and reinvest" the personal property contained within the trust. (App. at 29-30.) The sole purpose for this instruction is to generate trust income. See, e.g., IND. CODE § 30-4-3.5-2(a) (2015) (providing that a trustee "shall invest and manage trust assets" (emphasis added)); IND. CODE § 30-2-14-4 (2015) (defining trust income as the return received by the trustee from investing the trust's assets or principal). While the Will specifies that any discretionary distributions the trustee makes to Larry and Misty are to paid from the trust's principal, it does not specify from where (i.e., out of trust income or principal) the fixed payments are to be made. (See App. at 29-30.) It is therefore reasonable to presume that through this silence, Janice intended that the fixed payments to Larry and Misty could be payable from the trust income. (See also Appellant's Br. at 6 (indicating that the Department made the same presumption).)

Third, Janice's Will allows the trustee to make any discretionary distributions to Larry and Misty for whatever purpose "it deems appropriate." (See App. at 29-30.) Given this extremely broad grant of discretion, the Court concludes that Janice simply intended the "fixed" amounts of $1,250 and $1,000 to be Larry and Misty's minimum trust distributions. Stated differently, the interests Janice intended to convey to Larry and Misty were, in all reality, uncertain in amount. Compare In re Weill's Will, 45 N.E.2d 362, 365 (Ind. Ct. App. 1942) (explaining that the difference between an annuity and a

gift of "an income" is that while an annuity confers a fixed and certain sum of money upon the beneficiary without any contingency, the value of a gift of an income is uncertain in amount because it is contingent upon the net profits or earnings of the trust principal) (citations omitted)) with 5 Daniel R. Gordon et al., HENRY'S INDIANA PROBATE LAW AND PRACTICE § 33.10 at 33-72 (Matthew Bender 2010) (making the exact same distinction between an annuity and the gift of a life estate).

The Court finds that the language of Janice's Will as a whole demonstrates her intent to convey life estates to Larry and Misty. See In re Estate of Owen, 855 N.E.2d 603, 609 (Ind. Ct. App. 2006) (explaining that "[i]n both the will and trust contexts, substance trumps form"). As a result, the Probate Court did not err when it determined that for Indiana inheritance tax purposes, those interests were to be valued as life estates and not as annuities.

## CONCLUSION

For the above stated reasons, the Court AFFIRMS the Probate Court's entry of summary judgment in favor of the Estate and against the Department.


Distribution:

Evan W. Bartel, Jill D. Wesch

8